# EXHIBIT D

1  MICHAEL J. BRADY (SBN 40693)
   TODD A. ROBERTS (SBN 129722)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA 94063-2052
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701
   Email:        troberts@rmkb.com
5
   Attorneys for Plaintiff
6  GREAT AMERICAN INSURANCE COMPANY
   OF NEW YORK
7

FILED  Santa Clara Co
01/27/09  12:38pm
David H. Yamasaki
Chief Executive Offic
By: jcaonguyen DTSCIV
R#200900008593
CK          $350.00
TL          $350.00
Case: 1-09-CV-133413

J. Cao-Nguyen

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10

11  GREAT AMERICAN INSURANCE           CASE NO. **1 0 9 C V 1 3 3 4 1 3**
    COMPANY OF NEW YORK,
12                                     **COMPLAINT FOR DECLARATORY**
                                       **RELIEF AND RESCISSION**
13                Plaintiff,

14      v.

15  NVIDIA CORPORATION, a Delaware          ByFax
    corporation, and DOES 1 through 500,
16
                  Defendants.
17

18        Plaintiff GREAT AMERICAN INSURANCE COMPANY OF NEW YORK (hereinafter

19  "GREAT AMERICAN") complains of defendants, and each of them, as follows:

20        1.      Plaintiff GREAT AMERICAN INSURANCE COMPANY OF NEW YORK is

21  organized under the laws of the State of New York, having its principal place of business in

22  Cincinnati, Ohio.  GREAT AMERICAN is licensed to conduct insurance business in the State of

23  California.

24        2.      Defendant NVIDIA CORPORATION is organized under the laws of the State of

25  Delaware, having its principal place of business in Santa Clara, California.

26        3.      The identities of DOES 1 through 500 are presently unknown to plaintiff and are

27  parties interested in the determination of the outcome of this dispute. When the true and correct

28  names of said DOES are ascertained, plaintiff will seek to amend this complaint.

RCI/5231035.2/RS                    - 1 -

COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

4.      Venue is proper in the County of Santa Clara since the policy of excess liability insurance at issue was delivered to NVIDIA at its corporate office in Santa Clara, and NVIDIA maintains its corporate headquarters in Santa Clara County.

5.      Defendant NVIDIA is the inventor of the GPU, a high-performance processor that generates interactive graphics, among other things, for personal desktop and laptop computers. NVIDIA is a publicly traded company and employs over 5000 individuals worldwide.

6.      At least as far back as August 2007, NVIDIA became aware that certain NVIDIA products incorporated into notebook computers were failing at much higher than normal rates and began "troubleshooting" the problems with certain of its customers.  The failure of the NVIDIA chips caused the notebook computers to perform in an unsatisfactory manner or, in many cases, not at all.  These facts were not made known publicly until it was announced by an NVIDIA executive at the Citigroup Technology Conference in September, 2008.

7.      On or about November 2007, as a direct result of the failure of NVIDIA chips, Hewlett-Packard Company (hereinafter "HP") implemented a Limited Warranty Service Enhancement Program due to the epidemic field failure rates experienced by purchasers of its notebook computers that incorporated NVIDIA GPUs.  GREAT AMERICAN is informed and believes and thereon alleges that HP put NVIDIA on notice of not only the epidemic failures of the notebook computers caused by NVIDIA, but also its intention to implement a Limited Warranty Service Enhancement Program at a substantial cost that should be borne by NVIDIA.

8.      On November 14, 2007, a class action lawsuit was filed by Nathan Nygren against Hewlett-Packard Company ("HP") in the United States District Court for the Northern District of California arising out of the failure of HP notebooks.  (N.D. Cal. 5:2007cv05793.)  GREAT AMERICAN is informed and believes and thereon alleges that HP provided notice to NVIDIA of the class action lawsuit and/or that NVIDIA was otherwise aware that the problems with NVIDIA chips had resulted in the filing of the lawsuit, and that HP would seek indemnification from NVIDIA for all loss and damage associated with the suit.

9.      GREAT AMERICAN is informed and believes and thereon alleges that in or about November, 2007, NVIDIA had knowledge of the HP Limited Warranty Service Enhancement

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5231035.2/RS

- 2 -

**COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**

Program, the massive problems being experienced by HP customers, and the assertion of claims by HP against NVIDIA arising out of those problems. NVIDIA knew or should have known that until the root cause of the problem was determined, its chips would continue to fail in the future, including the period in which the GREAT AMERICAN excess liability policy (Policy No. EXE2194521) was in effect.

10.    GREAT AMERICAN is further informed and believes and thereon alleges that NVIDIA knew or should have known that its chips would continue to fail until the root cause was determined and corrective measures were taken to remedy the problems. Further, NVIDIA knew that the same material set used in the chips that were failing in the HP notebooks were being used in other NVIDIA chips and, therefore, the high field failures would be experienced in the future, including after the time GREAT AMERICAN issued its excess liability policy.  (Policy No. EXE2194521.)

11.    GREAT AMERICAN is informed and believes and thereon alleges that as a result of the epidemic field failures of NVIDIA chips, NVIDIA's troubleshooting in August of 2007, HP's implementation of a Limited Warranty Service Enhancement Program, HP's assertion of a claim against NVIDIA in or around November of 2007, and the filing of the Nygren class action complaint, among other things,  that NVIDIA provided notice to its 2007-2008 general liability and professional liability insurers of a claim or circumstance that might implicate their policy coverage months before the GREAT AMERICAN excess liability policy incepted. (Policy No. EXE2194521.)

12.    In late January 2008, NVIDIA Corporation, through its agent Marsh Risk & Insurance Services, requested that GREAT AMERICAN consider offering NVIDIA an excess liability policy. NVIDIA intended for GREAT AMERICAN to rely on the representations and communications, and emphasized that NVIDIA's past losses were minimal and that it would be a good risk.  Based on these representations, and the other information communicated to GREAT AMERICAN by or on behalf of NVIDIA, GREAT AMERICAN elected to underwrite the account and issue a quote.

13.    On or about January 20, 2008, GREAT AMERICAN offered an excess insurance

RCI/5231035.2/RS

- 3 -

COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   proposal to NVIDIA CORPORATION for $25 million excess liability coverage for the policy

2   period January 31, 2008, to January 31, 2009.  The GREAT AMERICAN policy was to be issued

3   as excess over a $1 million primary policy issued by National Union Fire Insurance Company of

4   Pittsburg, PA, an excess liability umbrella policy with liability limits of $25 million issued by

5   National Union, and an excess liability policy issued by American Guarantee & Liability

6   Insurance Company subject to a $25 million policy limit.

7        14.    In reliance on the representations made in connection with NVIDIA's insurance

8   submission by Marsh, GREAT AMERICAN issued excess liability Policy No. EXE2194521

9   effective January 31, 2008, to January 31, 2009, to NVIDIA in exchange for a premium of

10   $37,500.  The GREAT AMERICAN policy provides a third layer of excess coverage over

11   underlying insurance limits totaling $51,000,000 in the aggregate on policies issued by National

12   Union Fire Insurance Company of Pittsburg, Pennsylvania and American Guarantee & Liability

13   Insurance Company as set forth above.

14        15.    In electing to quote and issue the aforementioned policy, GREAT AMERICAN

15   relied on the representations made by or on behalf of NVIDIA.

16        16.    NVIDIA concealed information that was material to the risk being evaluated by

17   GREAT AMERICAN prior to binding coverage or issuing the policy.

18        17.    At no time during the application process did NVIDIA disclose to GREAT

19   AMERICAN:  (1) the fact that it was experiencing high or epidemic field failure rates in

20   connection with its GPUs sold to customers and incorporated into notebook computers that were

21   failing; (2) that NVIDIA was troubleshooting these major problems with customers in August

22   2007; (3) that Hewlett-Packard had been sued in the Nygren consumer class action lawsuit; (4)

23   that Hewlett-Packard had put NVIDIA on notice of its intention to pursue a claim against

24   NVIDIA in connection with the Nygren matter or, alternatively, to file a cross-complaint against

25   NVIDIA therein; (5) that Hewlett-Packard had instituted a Limited Warranty Enhancement

26   Program as a result of NVIDIA chip failures and had asserted a claim against NVIDIA in

27   connection therewith; or (6) that NVIDIA had placed its 2007-2008 insurers on notice of the

28   aforementioned matters stated in this paragraph.  Instead, these matters were well known to

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

**COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**

1  NVIDIA in advance of its first contact with GREAT AMERICAN, should have been disclosed to

2  GREAT AMERICAN in connection with its insurance submissions, but said information was

3  instead concealed from GREAT AMERICAN.

4      18.    Had the true facts been known, GREAT AMERICAN would not have quoted,

5  underwritten or issued the GREAT AMERICAN excess liability policy.

6      19.    Upon rescission of the excess liability policy, GREAT AMERICAN will restore to

7  NVIDIA the policy premium plus the additional taxes paid by NVIDIA.

8                                    I.

9                        **FIRST CAUSE OF ACTION**
                                **(Rescission)**

10     20.    GREAT AMERICAN reincorporates by reference as though fully set forth herein

11  the allegations contained in paragraphs 1 through 19.

12     21.    Insurance Code section 331 states:

13         "Concealment, whether intentional or unintentional, entitles the
14         injured party to rescind insurance."

15     22.    Insurance Code section 359 states:

16         "If a representation is false in a material point, whether affirmative
           or promissory, the injured party is entitled to rescind the contract
17         from the time the representation became false."

18     23.    Civil Code section 1692 also authorizes GREAT AMERICAN's rescission of

19  Policy No. EXE2194521 issued to NVIDIA. GREAT AMERICAN agrees to restore to NVIDIA

20  all premiums charged to and paid by NVIDIA in connection with the issuance of GREAT

21  AMERICAN Policy No. EXE2194521.

22     24.    NVIDIA' failure to disclose and its concealment of facts material to GREAT

23  AMERICAN in connection with its underwriting of the excess liability policy and its risk

24  assessment justifies GREAT AMERICAN's rescission of coverage.  The recsission of coverage is

25  timely, valid, and effective retroactively rendering the policy totally void and unenforceable from

26  the outset such that there was never any coverage and no benefits are payable there under.

27

28

RCI/5231035.2/RS

- 5 -

**COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

## II.

### SECOND CAUSE OF ACTION
#### (Declaratory Judgment)

25.   GREAT AMERICAN reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 19.

26.   NVIDIA's misrepresentations and concealment of facts material to the risks insured against under GREAT AMERICAN Policy No. EXE2194521 justifies rescission of the policy, *ab initio*, under California law.

27.   GREAT AMERICAN is entitled to a declaration as follows:  Policy No. EXE2194521 is rescinded retroactive to its inception date as if no policy had ever been issued and no benefits are payable thereunder.

28.   An actual controversy has arisen between plaintiff and defendants herein, and each of them, concerning their respective rights and duties under the insurance excess liability policy issued by GREAT AMERICAN to NVIDIA based on the misrepresentation and concealment of facts by or on behalf of NVIDIA.  Defendants, and each of them, incorrectly dispute GREAT AMERICAN's entitlement to the declaratory judgment sought herein.

## III.

### THIRD CAUSE OF ACTION
#### (DECLARATORY JUDGMENT)

29.   GREAT AMERICAN reincorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 17.

30.   GREAT AMERICAN Policy EXE2194521, subject to all terms, limitations, and conditions of the policy, provides excess liability insurance coverage (as more fully stated in the policy itself) upon exhaustion of the Underlying Limits of Insurance totaling $51,000,000.

31.   Prior to the issuance of the GREAT AMERICAN excess liability policy, NVIDIA provided notice to all of its general liability and professional liability insurers for the January 31, 2007 to January 31, 2008, policy period in connection with, at least, the claims and demands arising out of the HP Limited Warranty Enhancement Program.

32.   GREAT AMERICAN is informed and believed and thereon alleges that

RCI/5231035.2/RS

- 6 -

**COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  subsequent to the issuance of the GREAT AMERICAN excess liability policy that NVIDIA

2  asserted various claims for liability coverage to all of its general liability and professional liability

3  insurers for: (1) the January 31, 2007 to January 31, 2008, policy period: and (2) the January 31,

4  2008 to January 31, 2009, policy period.  Said claims included, but are not necessarily limited to,

5  those that have been asserted against NVIDIA by numerous Original Equipment Manufacturers,

6  Original Design Manufacturers, and in the multiple consumer class action complaints that have

7  been filed against NVIDIA.

8      33.    To date, NVIDIA has been sued (or has received a demand for indemnity) in

9  numerous class action lawsuits (hereinafter "The Consumer Class Actions") including, but not

10 limited to, the following:

| Complaint Filed on Or About | Title of Action | Venue and Case No. |
| --- | --- | --- |
| August 8, 2008 | Poirier v. Dell and Nvidia | W.D.Pa. 2008, CV-01118 RCM[1] |
| September 12, 2008 | Todd Feinsten v. Nvidia Corporation | Santa Clara County Superior Court Case No. 108CV122610 |
| September 12, 2008 | Steven Nakash v. Nvidia Corporation | N.D.Cal. No. C08-4312 MEJ |
| September 15, 2008 | Inicom Networks v. Nvidia, Dell and Hewlett-Packard | N.D.Cal. Case No. C08-04332 |
| September 23, 2008 | Louis Olivios v. Nvidia, Dell and Hewlett-Packard | E.D.N.Y. Case No. CV08 3895 |
| October 29, 2008 | Milosz Sielicki v. Nvidia and Dell | W.D.Tex. Case No. A08CA 802SS |
| November 6, 2008 | Jordan Cormier v. Nvidia | N.D.Cal. Case No. C08 0582 |
| November 14, 2008 | National Business Officers Association, Inc. v. Nvidia, Dell and Hewlett-Packard Company | N.D.Cal. Case No. CV08 5179 |
| November 18, 2008 | Brent West v. Nvidia Corporation | N.D.Cal. Case No. C08 05217 |

[1] This complaint has been voluntarily dismissed without prejudice.

RCI/5231035.2/RS

- 7 -

**COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

| Complaint Filed on Or About | Title of Action | Venue and Case No. |
|---|---|---|
| November 18, 2008 | Mark Miesel v. Apple, Inc. | N.D.Cal. Case No. 5:2008 CV 04393 |

34.     In addition, NVIDIA has been named as a defendant in at least two securities class action lawsuits brought on behalf of all purchasers of NVIDIA common stock between November 8, 2007, and July 2, 2008, alleging that NVIDIA knew, for at least a period of approximately eight months before disclosed to the public, that NVIDIA chips were failing at excessively high rates and that its chips were defective due to an unknown root cause.  (Lisa Miller v. Nvidia (N.D.Cal. Case No. 5:2008CV04261; Patrick Jermyne v. Nvidia (N.D. Cal. Case No. C08 04344.)

35.     GREAT AMERICAN is informed and believes and therefore alleges that NVIDIA incorrectly claims that the damages sought in The Consumer Class Actions, by the OEM Demands, and ODM Demands are covered by the GREAT AMERICAN excess liability policy and that GREAT AMERICAN has an obligation to indemnify NVIDIA for all loss, damage, settlements and/or judgments accordingly.

36.     None of the claims, demands, actions, causes of action and damages asserted against NVIDIA in The Consumer Class Actions, or by the ODM Demands and OEM Demands are covered by the GREAT AMERICAN excess liability policy. (Policy No. EXE2194521.)

37.     All of the claims, demands, actions, causes of action, settlements, damages, and potential judgments asserted against NVIDIA in the consumer class actions, the ODM Demands and OEM Demands are excluded from coverage by the following:

"     **GENERAL ENDORSEMENT**

Professional Liability Exclusion

This policy does not apply to any liability, damage, loss, cost or expense arising out of any breach of duty, negligent act, error or omission of any insured or of any person for whose acts any insured is legally liable in the conduct of your business designated below:

DESIGNATED BUSINESS:  Analysis, design, development or manufacturing of an electronic component, system or program resulting in its failure to perform the function or serve the purpose intended.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

This exclusion does not apply to Bodily Injury, Property Injury, Personal Injury or Advertising Injury defined in underlying policies scheduled on this policy.

All other terms and conditions of this policy remain unchanged."

38.     All of the claims, demands, actions, causes of action, settlements, damages, and potential judgments asserted against NVIDIA in the consumer class actions, the ODM Demands and OEM Demands are also excluded from coverage by the exclusion entitled:

"D.     **Damage to Impaired Property or Property Not Physically Injured (Exclusion D(1),(2);**

39.     All of the claims, demands, actions, causes of action, settlements, damages, and potential judgments asserted against NVIDIA in the consumer class actions, the ODM Demands and OEM Demands are also excluded from coverage by the exclusion entitled:

"F.     **Damage to Your Product (Exclusion F)"**

40.     All of the claims, demands, actions, causes of action, settlements, damages, and potential judgments asserted against NVIDIA in the consumer class actions, the ODM Demands and OEM Demands are also excluded from coverage by the exclusion entitled:

"K.     **Expected or Intended Injury (Exclusions K)"**

41.     All of the claims, demands, actions, causes of action, settlements, damages, and potential judgments asserted against NVIDIA in the consumer class actions, the ODM Demands and OEM Demands are also excluded from coverage by the exclusion entitled:

"R.     **Recall of Your Product, Your Work or Impaired Property (Exclusion R(1)(2) and (3)"**

42.     GREAT AMERICAN is informed and believes and thereon alleges that NVIDIA incorrectly contends that neither the "Professional Liability Exclusion" nor the other exclusions referenced in the preceding paragraphs do not apply, either in whole or in part, to any of the claims asserted against it.

43.     The GREAT AMERICAN excess liability policy provides no coverage for any loss, damage, harm, settlements, attorney's fees, litigation expenses or any other claims arising from or related to The Consumer Class Actions, OEM Demands, ODM Demands or any related NVIDIA internal expenses.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5231035.2/RS

- 9 -

**COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**

IV.

**PRAYER FOR RELIEF**

GREAT AMERICAN prays for judgment against defendants, and each of them, as follows:

**FIRST CAUSE OF ACTION**

1       GREAT AMERICAN Policy No. EXE2194521 issued to NVIDIA is rescinded retroactive to January 31, 2008, and that said rescission effectively renders the policy totally unenforceable from the outset as if no policy was ever issued, that there was never any coverage, and that no benefits are payable thereunder;

2.       For costs of suit herein incurred; and

3.       For such other relief as the court may deem just and proper under the circumstances.

**SECOND CAUSE OF ACTION**

1       For a declaration that GREAT AMERICAN Policy No. EXE2194521 issued to NVIDIA is rescinded retroactive to January 31, 2008, and that said rescission effectively renders the policy totally unenforceable from the outset as if no policy was ever issued, that there was never any coverage, and that no benefits are payable thereunder;

2.       For costs of suit herein incurred; and

3.       For such other relief as the court may deem just and proper under the circumstances.

**THIRD CAUSE OF ACTION**

1.       For a declaration that the GREAT AMERICAN excess liability policy provides no coverage for any loss, damage, harm, settlement, attorney's fees, litigation expenses or any other cost or expense arising from or related to The Consumer Class Actions, OEM Demands, ODM Demands or any related internal expenses incurred by NVIDIA.

2.       For costs of suit herein incurred; and

/ / /

/ / /

COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    3.    For such other relief as the court may deem just and proper under the

2  circumstances.

3

4  Dated: January 23, 2009                    ROPERS, MAJESKI, KOHN & BENTLEY

5

6                                             By: _____
                                                  MICHAEL J. BRADY
7                                                 TODD A. ROBERTS
                                                  Attorneys for Plaintiff
8                                                 GREAT AMERICAN INSURANCE
                                                  COMPANY OF NEW YORK

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RC1/5231035.2/RS

**COMPLAINT FOR DECLARATORY RELIEF AND RESCISSION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City