ORIGINAL
FILED

MAY - 8 2009

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
REBECCA R. WEINREICH, SB# 155684
2 |   E-Mail: weinreich@lbbslaw.com
STEPHEN V. KOVARIK, SB# 184656
3 |   E-Mail: kovarik@lbbslaw.com
221 North Figueroa Street, Suite 1200
4 | Los Angeles, CA 90012
Telephone: (213) 250-1800
5 | Facsimile: (213) 250-7900

E-filing

6

7

8 | **UNITED STATES DISTRICT COURT FOR THE**

9 | **NORTHERN DISTRICT OF CALIFORNIA**        FILE BY FAX

10

11 | NATIONAL UNION FIRE INSURANCE       )   **C V 09       2046**
COMPANY OF PITTSBURGH, PA,        )   Case No.:
12 |                                  )   **PUBLIC REDACTED VERSION OF**
                                     )   **NATIONAL UNION FIRE INSURANCE**
13 |                 Plaintiff,       )   **COMPANY OF PITTSBURGH, PA'S**
                                     )   **COMPLAINT FOR DECLARATORY**
14 |         v.                       )   **JUDGMENT**
                                     )
15 | NVIDIA CORPORATION,              )
                                     )                    **CW**
16 |                 Defendant.       )
                                     )
17 | _____ )

18

19 |         Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"),

20 | brings this Complaint for Declaratory Judgment against Defendant, NVIDIA Corporation

21 | ("NVIDIA"). In support thereof, National Union alleges as follows:

22 |                          **PREFATORY STATEMENT**

23 |         This suit is a declaratory judgment action between National Union and NVIDIA

24 | concerning the parties' rights, duties and obligations under National Union Commercial General

25 | Liability Policy No. 721-88-39 and Commercial Umbrella Liability Policy No. 9835530 ("the

26 | National Union Policies") as to certain claims asserted by       **REDACTED**

27 |      **REDACTED**        and other claimants that may bring or have brought claims

28 | against NVIDIA ("the Chip Claimants"). The Chip Claimants allege that graphic processing units

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  ("GPUs") designed and sold by NVIDIA and used in notebook computers have failed ("the Chip

2  Claims"). National Union seeks a declaration concerning its coverage obligations, if any, owed to

3  NVIDIA with respect to the Chip Claims.

4      NVIDIA has, at different times, placed National Union on notice of the Chip Claims.

5  National Union has promptly acknowledged notice of those claims and reserved its rights with

6  respect to coverage and requested essential information about those claims. Concurrently with, or

7  prior to, placing National Union on notice of the Chip Claims, NVIDIA has

8

9

10                                       **REDACTED**

11

12      Most importantly, NVIDIA has failed and even refused to provide material information

13  about the Chip Claims to National Union, despite repeated and specific requests by National

14  Union for that information. **REDACTED**

15

16      however, does not contain basic information about the Chip Claims that

17  would allow National Union to evaluate  **REDACTED**  whether coverage

18  exists  whether other parties may be at fault, or even for what precise injuries

19      **REDACTED**  the Chip Claimants.

20      NVIDIA has cloaked its refusals to provide information under the guise of preserving

21  commercial relationships with the Chip Claimants.

22                         **REDACTED**

23      This information is essential to National

24  Union's evaluation of the Chip Claims, and the refusal by NVIDIA to provide such information is

25  preventing National Union from determining whether coverage exists for the Chip Claims and, if

26  there is coverage, the extent to which National Union is obligated to indemnify NVIDIA.

27      National Union seeks the intervention of this Court for the purpose of resolving the current

28  dispute concerning National Union's access to essential information, including, but not limited to,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1554-9187.1

COMPLAINT FOR DECLARATORY JUDGMENT

1  determining whether NVIDIA is currently in breach of the conditions of the National Union

2  Policies, as well as determining the extent to which coverage may exist, if at all, under the

3  National Union Policies.  Without the assistance of judicial process, NVIDIA's refusal to provide

4  information and refusal to allow National Union access to       **REDACTED**       will prevent

5  National Union from determining whether its policies are implicated and/or to what extent it owes

6  any insurance obligations to NVIDIA.

7  **I.    PARTIES**

8      1.    Plaintiff National Union is a corporation organized and existing under the laws of

9  the State of Pennsylvania with its principal place of business in New York, New York.  At all

10  times relevant herein, National Union was authorized to do business, and was actually doing

11  business, in the State of California and this District.

12      2.    Defendant NVIDIA is a corporation organized and existing under the laws of the

13  State of Delaware with its principal place of business in Santa Clara, California.  At all relevant

14  times herein, NVIDIA was authorized to do business, and was actually doing business, in the State

15  of California and this District.

16  **II.    JURISDICTION AND VENUE**

17      3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§2201 and 2202

18  insofar as National Union seeks a declaration of its rights and duties under the insurance policies

19  at issue.  Pursuant to 28 U.S.C. §1332 (a), (b) and (c), complete diversity exists between the

20  parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

21      4.    There is a present and actual controversy between the parties.

22      5.    Venue is proper in this District pursuant to 28 U.S.C. §1391 (a) and (c).  Defendant

23  has sufficient minimum contacts with this judicial district to confer personal jurisdiction over it in

24  this Court.

25  **III.    INTRADISTRICT ASSIGNMENT**

26      6.    Pursuant to Civil Local Rule 3-2(c), Intradistrict Assignment is appropriate in the

27  San Francisco Division of the United States District Court for the Northern District of California

28  in that NVIDIA's submissions for the primary and umbrella insurance policies at issue in this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  action were made by the San Francisco, California office of NVIDIA's insurance broker, Marsh

2  U.S.A., Inc., to the San Francisco, California office of National Union's parent company,

3  American International Group, Inc.  In addition, American International Group, Inc.'s San

4  Francisco office underwrote, negotiated and issued the primary policy at issue, National Union

5  Commercial General Liability Policy Nò. 721-88-39.

6  **IV.    THE CHIP CLAIMS AND NATIONAL UNION'S EFFORTS TO OBTAIN MATERIAL
           INFORMATION ABOUT THOSE CLAIMS**

7

8          7.     NVIDIA designs and sells GPUs, which are integrated circuits dedicated to

9  rendering graphics for notebook computers.

10         8.     The Chip Claimants are customers for whom NVIDIA designed and sold such

11  GPUs.

12         9.     The Chip Claims arise out of allegedly defectively designed NVIDIA chips

13                        **REDACTED**                              which, after installation in

14  notebook computers, allegedly caused the graphics of the notebook computers to malfunction.

15         10.    As a result of such malfunctions, many end users of the notebook computers have

16  requested that the Chip Claimants repair their notebook computers.

17         11.

18                                  **REDACTED**

19

20

21         12.

                                    **REDACTED**

22                                                                              Those

23  conditions prevent any insured from voluntarily assuming any obligation or making any payment

24  without National Union's consent.

25         13.    On or about August 25, 2008, National Union sent a letter to NVIDIA

26  acknowledging and declining NVIDIA's waiver request    **REDACTED**

27         **REDACTED**         .                In this letter, National Union

28  explained to NVIDIA that it was unable to grant such a waiver without having received material

                                        COMPLAINT FOR DECLARATORY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    **REDACTED**                                    National Union

2   required such information in order to understand and evaluate the Chip Claims.

3       14.   The information sought and requested by National Union included, but was not

4   limited to,

5

6    **REDACTED**

7

8       15.

9    **REDACTED**

10                                              NVIDIA did not provide

11   the material information about the claims that was requested by National Union.

12       16.   On or about September 4, 2008, National Union received notice of a demand issued

13   against NVIDIA by          **REDACTED**              compensation related to repairs and

14   extended warranties for allegedly damaged notebook computers caused by the alleged failure of

15   NVIDIA      chips.

16       17.   Also on September 4, 2008, National Union sent a letter to NVIDIA responding to

17   NVIDIA's second request for a waiver of the consent provisions and again requesting information

18   regarding    **REDACTED**  claims.  National Union again explained to NVIDIA that, while it

19   did not object to NVIDIA discussing resolution of the claims with  **REDACTED**    National

20   Union did not have adequate information regarding such claims to evaluate same and, thus, was

21   not in a position to waive any policy conditions.

22       18.

23    **REDACTED**

24

25       19.   On or about September 11, 2008, National Union received notice of a demand

26   issued against NVIDIA by        **REDACTED**              for compensation related

27   to chip and notebook computer repairs and the costs of an extended warranty program arising out

28   of allegedly defective NVIDIA      chips.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT

20.                    **REDACTED**

Again, however,
NVIDIA did not provide material information about the claims.

21.     On September 24, 2008, pursuant to a complete reservation of rights under the
Policies, National Union sent three letters to NVIDIA granting limited waivers of the consent
provisions contained in the National Union Policies with respect to the           **REDACTED**
claims.

22.     On or about September 29, 2009, National Union issued to NVIDIA letters
acknowledging the        **REDACTED**         claims and reserving National Union's rights under
the National Union Policies.  In these letters, National Union renewed its requests for information
relevant and necessary to its understanding and evaluation of the Chip Claims.  National Union
once again requested information including, but not limited to,


                       **REDACTED**

In addition,
National Union reminded NVIDIA of its obligation to cooperate with National Union in National
Union's investigation of the        **REDACTED**       claims.

23.     On or about October 7, 2008, National Union representatives traveled to California
to meet with NVIDIA representatives to discuss the claims asserted against NVIDIA.  While at the
meeting, National Union expressed to NVIDIA the importance of obtaining adequate information
from which it could evaluate and analyze the claims asserted against NVIDIA.

24.


                       **REDACTED**


25.     On or about October 10, 2008, National Union received notice of demands issued
against NVIDIA by           **REDACTED**             for compensation related to chip and

4851-1554-9187.1                              6

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | notebook computer repairs arising out of allegedly defective NVIDIA chips.

2 | 26.

3 | **REDACTED**

4 |

5 | 27.

6 |

7 | **REDACTED**

8 |

9 |

10 |

11 | 28.   On or about October 29, 2008, National Union representatives again traveled to

12 | Santa Clara, California to meet with NVIDIA representatives to discuss issues related to the

13 | claims asserted against NVIDIA by the various Chip Claimants.  At this meeting, National Union

14 | again expressed to NVIDIA its concerns about the lack of information and materials provided by

15 | NVIDIA to National Union related to the Chip Claims and in particular, NVIDIA's failure to

16 | provide the information repeatedly requested by National Union.

17 | 29.   On or about October 29, 2008,                    issued to NVIDIA a demand for

18 | damages relating to NVIDIA chips    **REDACTED**    and notebook computer failures.

19 | 30.   On or about November 10, 2008, National Union issued to NVIDIA letters

20 | acknowledging the    **REDACTED**  claims and reserving National Union's rights under the

21 | National Union Policies.  In these letters, National Union renewed its requests for information

22 | such as

23 | **REDACTED**

24 |

25 | National Union again reminded NVIDIA of its obligation to

26 | cooperate with National Union in National Union's investigation of the

27 | claims.   Once again, National Union requested information relevant and necessary to its

28 | understanding and evaluation of the Chip Claims.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1      31.     On or about November 17, 2008, National Union issued to NVIDIA a full and

2  complete reservation of rights under the National Union Policies with respect to the

3      **REDACTED**        claims. In this letter, National Union again renewed its requests for

4  information related to the              **REDACTED**                claims.

5      32.

6                               **REDACTED**

7

8      33.

9                               **REDACTED**

10

11     34.     Because National Union did not have sufficient information to evaluate the

12                claims, on December 15, 2008, National Union again requested material information

13  from NVIDIA related to the   **REDACTED**    claims.

14     35.     On or about December 17, 2008, National Union sent an e-mail to NVIDIA

15  declining to waive the consent provisions of the National Union Policies with respect to the

16                claims.  In this e-mail, National Union again explained to NVIDIA that it was not in

17  a position to waive any policy conditions due to the fact that National Union had not received the

18  information necessary to evaluate the claims asserted against NVIDIA.  National Union further

19  specified the type of information necessary for National Union to evaluate such claims.

20     36.     On or about December 19, 2008, National Union received notice of a demand

21  issued against NVIDIA by one of its customers, **REDACTED** for compensation related to chip

22  and notebook computer repairs arising out of allegedly defective NVIDIA       **REDACTED**

23     chips.

24     37.     On or about December 22, 2008, National Union issued to NVIDIA three letters

25  acknowledging the        **REDACTED**            claims against NVIDIA and reserving

26  National Union's rights under the National Union Policies with respect to such claims.  In these

27  letters, National Union renewed its requests for relevant and necessary information such as

28                               **REDACTED**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**REDACTED**

National Union again reminded NVIDIA of its obligation to cooperate with National Union in National Union's investigation of the Claims.

38.     On January 8, 2009, National Union representatives traveled to Santa Clara, California to meet with NVIDIA representatives.  At this meeting, National Union reiterated its requests for information and explained to NVIDIA the reasons why such information was necessary for National Union to evaluate the claims asserted against NVIDIA.

**REDACTED**

39.

**REDACTED**

40.     **REDACTED**

41.     **REDACTED**

42.     On or about January 15, 2009, National Union sent a letter to NVIDIA summarizing the January 8, 2009 meeting, confirming the agreements reached during that meeting,     **REDACTED**

43.     On or about January 16, 2009, National Union sent a letter to NVIDIA thanking NVIDIA for the     **REDACTED**

In addition, National Union provided NVIDIA with a limited and conditional waiver of the consent provisions contained in the National Union Policies with respect to the      claim.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT

44.

**REDACTED**

45.     On or about January 20, 2009, National Union issued a letter to NVIDIA declining to waive the consent provisions contained in the National Union Policies with respect to the _____ claims.  National Union, in this letter, again requested material information and documentary evidence related to the          **REDACTED**          claims.

46.     On or about January 22, 2009, National Union issued to NVIDIA a full and complete reservation of rights under the National Union Policies with respect to the **REDACTED**          chip-related claims.   In this letter, National Union once again requested that NVIDIA provide certain relevant and necessary information so that National Union could understand and evaluate the Chip Claims.  National Union renewed its requests for material information related to the                             claims, including, but not limited to,          **REDACTED**

47.

**REDACTED**

48.

**REDACTED**

49.          **REDACTED**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1554-9187.1

COMPLAINT FOR DECLARATORY JUDGMENT

50.                    **REDACTED**

51.                    **REDACTED**

52.

                       **REDACTED**

53.    To follow-up on the March 13 and 16, 2009 telephone discussions, on the morning of March 18, 2009, National Union sent a letter to NVIDIA summarizing the status of the waiver issue and again explaining why National Union could not agree to waive the voluntary payment provisions contained in the Policies with respect to the Chip Claims.    National Union also requested information from NVIDIA establishing coverage for the Chip Claims under the Policies.

54.

                       **REDACTED**

55.

                       **REDACTED**

56.

                       **REDACTED**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1554-9187.1                    11

COMPLAINT FOR DECLARATORY JUDGMENT

57.

**REDACTED**

58.

**REDACTED**

59.

**REDACTED**

60.

**REDACTED**

61.     On or about April 15, 2009, National Union sent a letter to NVIDIA in response to NVIDIA's March 19, 2009 letter.   National Union again explained to NVIDIA why the information requested to date by National Union is not only appropriate, but essential to National Union's evaluation of coverage for the Chip Claims.

62.

**REDACTED**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

63.     On or about April 20, 2009, NVIDIA provided National Union with a copy of an

**REDACTED**

64.

**REDACTED**

65.

**REDACTED**

66.

**REDACTED**

67.     To date, NVIDIA has failed and/or refused to provide the material information about the Chip Claims, which information has been repeatedly requested by National Union.

68.     The information that NVIDIA has failed and/or refused to provide to National Union includes, but is not limited to, the following material information:

- •
- •
- •
- •           **REDACTED**
- •
- •

- •

## V.     <u>THE NATIONAL UNION POLICIES</u>

69.     National Union issued to NVIDIA Commercial General Liability Policy No. 721-8839, effective January 31, 2008 to January 31, 2009 ("the CGL Policy").   A true and accurate copy of the CGL Policy is attached hereto as Exhibit 1.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1554-9187.1                                    13

COMPLAINT FOR DECLARATORY JUDGMENT

70.     Relevant provisions of the CGL Policy are set forth in Appendix A to this Complaint.

71.     National Union issued to NVIDIA Commercial Umbrella Liability Policy No. 9835530, effective January 31, 2008 to January 31, 2009 ("the Umbrella Policy").   A true and accurate copy of the Umbrella Policy is attached hereto as Exhibit 2.

72.     Relevant provisions of the Umbrella Policy are set forth in Appendix B to this Complaint.

## COUNT ONE
### (Breach of Policies' Conditions)

73.     National Union repeats and incorporates by reference paragraphs 1 through 72 as though fully set forth herein.

74.     The CGL Policy contains Condition 2., which provides:

2.      **Duties In The Event Of An Occurrence, Offense, Claim Or Suit**

*        *        *

c.      You and any other involved insured must:

(1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)     Authorize us to obtain records and other information;

(3)     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)     Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

*        *        *

d.      No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation,

COMPLAINT FOR DECLARATORY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

or incur any expense, other than for first aid, without our consent.

75.   The Umbrella Policy contains Condition G., which provides:

**G.    Duties In The Event Of An Occurrence, Offense, Claim Or Suit**

\*      \*      \*

3.    You and any other involved **Insured** must:

\*      \*      \*

c.    cooperate with us in the investigation or settlement of the claim or defense against the **Suit;** and

d.    assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

\*      \*      \*

4.    No **Insured** will, except at the **Insured's** own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

As a condition of coverage under the National Union Policies with respect to the Chip Claims, NVIDIA is obligated to, among other things, authorize National Union to obtain records and other information and cooperate with National Union in the investigation of the claims.

NVIDIA has breached the conditions of coverage contained in the National Union Policies by failing to authorize National Union to obtain records and other information with respect to the Chip Claims and by failing to cooperate with National Union in the investigation of the Chip Claims.

76.

**REDACTED**

COMPLAINT FOR DECLARATORY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

77.   NVIDIA's breach of one or more of the foregoing conditions violates conditions precedent under the National Union Policies, thus voiding coverage for the Chip Claims.

## COUNT TWO
### (No Property Damage)

78.   National Union repeats and incorporates by reference paragraphs 1 through 77 as though fully set forth herein.

79.   The National Union Policies potentially provide coverage for those sums that the insured becomes legally obligated to pay as damages because of "property damage" caused by an "occurrence" as defined by the policies.

80.   The Chip Claims do not seek to impose a legal obligation to pay damages because of "property damage" as defined by the National Union Policies and, therefore, National Union owes no duty to indemnify NVIDIA for the compensation sought or paid in the Chip Claims.

## COUNT THREE
### (No Occurrence)

81.   National Union repeats and incorporates by reference paragraphs 1 through 80 as though fully set forth herein.

82.   The NVIDIA Chip Claims do not seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined by the National Union Policies and, therefore, National Union owes no duty to indemnify NVIDIA for the compensation sought or paid in the Chip Claims.

## COUNT FOUR
### (Policy Period)

83.   National Union repeats and incorporates by reference paragraphs 1 through 82 as though fully set forth herein.

84.   The National Union Policies potentially provide coverage for those sums that the insured becomes legally obligated to pay because of "property damage" taking place during the policy periods of the National Union Policies.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT

85. To the extent the Chip Claims seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined by the National Union Policies, National Union is not obligated to indemnify NVIDIA for damages because of "property damage" that did not take place during the policy periods of the National Union Policies.

**COUNT FIVE**
(Prior Knowledge)

86. National Union repeats and incorporates by reference paragraphs 1 through 85 as though fully set forth herein.

87. The National Union Policies potentially provide coverage for those sums that the insured becomes legally obligated to pay as damages because of "property damage" only if, prior to the policy period, no authorized and/or specified insured or employee knew that the "property damage" had occurred, in whole or in part.

88. To the extent the Chip Claims seek to impose a legal obligation to pay damages because of "property damage," NVIDIA, the insured, and/or authorized employees knew that such "property damage" had occurred, in whole or in part, prior to January 31, 2008.

89. National Union, therefore, is not obligated to indemnify NVIDIA for the Chip Claims.

**COUNT SIX**
(Contractual Liability Exclusions)

90. National Union repeats and incorporates by reference paragraphs 1 through 89 as though fully set forth herein.

91. Even if the Chip Claims seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion b. and under the Umbrella Policy pursuant to Exclusion C (the contractual liability exclusions).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1554-9187.1                                     17

COMPLAINT FOR DECLARATORY JUDGMENT

## COUNT SEVEN
### (Damage to Property Exclusions)

92.     National Union repeats and incorporates by reference paragraphs 1 through 91 as though fully set forth herein.

93.     Even if the Chip Claims seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion j.(6). and under the Umbrella Policy pursuant to Exclusion E (the damage to property exclusions).

## COUNT EIGHT
### (Your Product Exclusions)

94.     National Union repeats and incorporates by reference paragraphs 1 through 93 as though fully set forth herein.

95.     Even if the NVIDIA Chip Claims seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion k. and under the Umbrella Policy pursuant to Exclusion F (the "your product" exclusions).

## COUNT NINE
### (Your Work Exclusions)

96.     National Union repeats and incorporates by reference paragraphs 1 through 95 as though fully set forth herein.

97.     Even if the NVIDIA Chip Claims seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion l. and under the Umbrella Policy pursuant to Exclusion G (the "your work" exclusions).

## COUNT TEN
### (Impaired Property Exclusions)

98.     National Union repeats and incorporates by reference paragraphs 1 through 97 as though fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

99. Even if the Chip Claims seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion m. and under the Umbrella Policy pursuant to Exclusion D (the "impaired property" exclusions).

## COUNT ELEVEN
(Recall Exclusions)

100. National Union repeats and incorporates by reference paragraphs 1 through 99 as though fully set forth herein.

101. Even if the Chip Claims seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion n. and under the Umbrella Policy pursuant to Exclusion R (the "recall" exclusions).

## COUNT TWELVE
(Electronic Data Exclusion)

102. National Union repeats and incorporates by reference paragraphs 1 through 101 as though fully set forth herein.

103. Even if the Chip Claims seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined by the CGL Policy, some or all of such damages would be excluded from coverage under the CGL Policy pursuant to Exclusion p (the "electronic data" exclusion).

## COUNT THIRTEEN
(Retained Limit)

104. National Union repeats and incorporates by reference paragraphs 1 through 103 as though fully set forth herein.

105. The Umbrella Policy provides coverage for those sums in excess of the **Retained Limit** that the **Insured** becomes legally obligated to pay as damages because of a covered injury to which the Umbrella Policy applies.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

106.   The **Retained Limit** as defined by the Umbrella Policy has not been exhausted by payment of **Loss** associated with the Chip Claims.

107.   National Union has no obligation to indemnify NVIDIA until the **Retained Limit** is exhausted by the payment of covered **Loss**.

**COUNT FOURTEEN**
(Other Insurance)

108.   National Union repeats and incorporates by reference paragraphs 1 through 107 as though fully set forth herein.

109.   The Umbrella Policy contains Condition L., which provides:

> **L.**   **Other Insurance**
>
> If other valid and collectible insurance applies to damages that are also covered by this policy, this policy will apply excess of the **Other Insurance**.   However, this provision will not apply if the **Other Insurance** is specifically written to be excess of this policy.

*      *      *

110.   Even if the NVIDIA Chip Claims seek to impose a legal obligation to pay damages because of **Property Damage** caused by an **Occurrence** as defined and not otherwise excluded, National Union's obligations with respect to the NVIDIA Chip Claims under the Umbrella Policy apply in excess of other valid and collectible insurance providing coverage to NVIDIA.

**RELIEF REQUESTED**

Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa.  prays that this Court enter a judgment in its favor and against Defendant, NVIDIA Corporation, on each and every claim asserted herein as follows:

1.   Declaring that NVIDIA has breached its duties of cooperation with National Union, thereby voiding coverage, or, in the alternative, compelling the production of material information with respect to the Chip Claims so that National Union can evaluate coverage and whether or to what extent it has any obligations to NVIDIA;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1554-9187.1                                      20
                              COMPLAINT FOR DECLARATORY JUDGMENT

2.   Declaring that National Union has no duty to indemnify NVIDIA for any damages sought in the NVIDIA Chip Claims under the National Union Policies;

3.   Declaring and adjudicating that:

a.   The NVIDIA Chip Claims do not seek to impose a legal obligation to pay damages because of "property damage" as defined by the National Union Policies;

b.   The NVIDIA Chip Claims do not seek to impose a legal obligation to pay damages because of "property damage" caused by an "occurrence" as defined by the National Union Policies;

c.   The NVIDIA Chip Claims do not seek to impose a legal obligation to pay damages because of "property damage" taking place during the policy period of the National Union Policies;

d.   In the event that the NVIDIA Chip Claims involve "property damage" caused by an "occurrence," coverage does not apply under the National Union Policies because NVIDIA and/or its designated employees knew, prior to the policy period, that such "property damage" had occurred;

e.   By operation of Exclusions b, j(6), k, l, m, n, and p, "property damage" coverage for some or all of the damages sought in the NVIDIA Chip Claims is excluded under the CGL Policy;

f.   By operation of Exclusions C, D, E.6, F, G, and R, **Property Damage** coverage for some or all of the damages sought in the NVIDIA Chip Claims is excluded under the Umbrella Policy;

g.   Even if the NVIDIA Chip Claims seek to impose a legal obligation to pay damages because of **Property Damage** caused by an **Occurrence** as defined by the Umbrella Policy and not otherwise excluded, National Union's obligations with respect to the NVIDIA Chip Claims do not apply because the **Retained Limit**, as defined, is not exhausted; and

h.   Even if the NVIDIA Chip Claims seek to impose a legal obligation to pay damages because of **Property Damage** caused by an **Occurrence** as defined by the Umbrella Policy and not otherwise excluded, National Union's obligations with respect to the NVIDIA Chip Claims under the Umbrella Policy apply in excess of other valid and collectible insurance providing coverage to NVIDIA.

///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1554-9187.1

COMPLAINT FOR DECLARATORY JUDGMENT

1      4.     Granting National Union any other and further relief that this Court deems just and

2   proper.

3

4   Dated: May 8, 2009                Respectfully submitted,

5                               NATIONAL UNION INSURANCE COMPANY OF
                              PITTSBURGH, Pa.

6

7                              By: _____

8                                Rebecca R. Weinreich
                                Stephen V. Kovarik

9                          Attorneys for Plaintiff NATIONAL UNION FIRE
                        INSURANCE COMPANY OF PITTSBURGH, Pa.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

COMPLAINT FOR DECLARATORY JUDGMENT

### APPENDIX A

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance policy applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

    \*       \*       \*

    b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)  The "bodily injury" or "property damage" occurs during the policy period; and

    (3)  Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during

Appendix A
Page 1

COMPLAINT FOR DECLARATORY JUDGMENT

or after the policy period will be deemed to have been known prior to the policy period.

*       *       *

2.   **Exclusions**

This insurance does not apply to:

*       *       *

b.   **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1)   That the insured would have in the absence of the contract or agreement; or

(2)   Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.

*       *       *

j.   **Damage To Property**

"Property damage" to:

*       *       *

(6)   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

*       *       *

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

Appendix A
Page 2

COMPLAINT FOR DECLARATORY JUDGMENT

\*      \*      \*

**k.**      **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

\*      \*      \*

**l.**      **Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\*      \*      \*

**m.**      **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)      A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)      A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\*      \*      \*

**n.**      **Recall Of Products, Work or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use,

Appendix A
Page 3

COMPLAINT FOR DECLARATORY JUDGMENT

withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)   "Your product'"

(2)   "Your work"; or

(3)   "Impaired property";

If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

\*          \*          \*

p.   **Electronic Data**

Damages arising out of the loss of, loss of use of, damage to, corruption of, inability to access, or inability to manipulate electronic data.

As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*          \*          \*

## SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\*          \*          \*

2.   **Duties In The Event Of An Occurrence, Offense, Claim Or Suit**

\*          \*          \*

c.   You and any other involved insured must:

Appendix A
Page 4

COMPLAINT FOR DECLARATORY JUDGMENT

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

\*       \*       \*

d.   No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\*       \*       \*

**4.   Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.   Primary Insurance**

This insurance is primary except when B. below applies.   If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary.   Then, we will share with all that other insurance by method described in c. below.

\*       \*       \*

**c.   Method of Sharing**

If all other insurance permits contribution by equal shares, we will follow this method also.   Under

Appendix A
Page 5

COMPLAINT FOR DECLARATORY JUDGMENT

this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

If any of the other insurance does not permit contribution by equal shares, we will contribute by limits. Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

\*     \*     \*

## SECTION V – DEFINITIONS

\*     \*     \*

8.   "Impaired property" means tangible property, other than "your product" or "your work" that cannot be used or is less useful because:

a.   It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.   You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a.   The repair, replacement, adjustment or removal of "your product" or "your work"; or

b.   Your fulfilling the terms of the contract or agreement.

9.   "Insured contract" means:

\*     \*     \*

f.   That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a

Appendix A
Page 6

COMPLAINT FOR DECLARATORY JUDGMENT

third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

21. "Your product":

a. Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

Appendix A
Page 7

COMPLAINT FOR DECLARATORY JUDGMENT

        **(b)**    Others trading under your name; or

        **(c)**    A person or organization whose business assets you have acquired; and

    **(2)**    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.**    Includes:

    **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

    **(2)**    The providing of or failure to provide warnings or instructions.

**c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

**22.**    "Your work":

    **a.**    Means:

        **(1)**    Work of operations performed by you or on your behalf;

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)**    The providing of or failure to provide warnings or instructions.

\*    \*    \*

Appendix A
Page 8

COMPLAINT FOR DECLARATORY JUDGMENT

## APPENDIX B

**I.   INSURING   AGREEMENT   –   COMMERCIAL
UMBRELLA LIABILITY**

**A.**   We will pay on behalf of the **Insured** those sums in
excess of the **Retained Limit** that the **Insured**
becomes legally obligated to pay as damages by
reason of liability imposed by law because of
**Bodily Injury, Property Damage** or **Personal
Injury and Advertising Injury** to which this
insurance applies or because of **Bodily Injury** or
**Property Damage** to which this insurance applies
assumed by the **Insured** under an **Insured
Contract**.

\*        \*        \*

**B.**   This policy applies, only if:

1.   the **Bodily Injury** or **Property Damage** is
caused by an **Occurrence** that takes place
anywhere, and the **Bodily Injury** or
**Property Damage** occurs during the **Policy
Period**;

\*        \*        \*

**C.**   This policy applies to **Bodily Injury** or **Property
Damage**, only if prior to the **Policy Period**, no
**Insured** listed under *subparagraphs* 2a., 2b., 2c. or
2e. of Paragraph M. of Section VII., no executive
officer or director listed under subparagraph 2d. of
Paragraph M. of Section VII. and no employee
authorized by you to give or receive notice of an
**Occurrence**, claim or **Suit**, knew that the **Bodily
Injury** or **Property Damage** had occurred, in
whole or in part.   If such an **Insured** or authorized
employee knew, prior to the **Policy Period**, that the
**Bodily Injury** or **Property Damage** had occurred,
then any continuation, change or resumption of such
**Bodily Injury** or **Property Damage** during or after
the **Policy Period** will be deemed to have been
known prior to the **Policy Period**.

\*        \*        \*

Appendix B
Page 1

COMPLAINT FOR DECLARATORY JUDGMENT

V.   **EXCLUSIONS**

\*       \*       \*

C.   **Contractual Liability**

This insurance does not apply to liability for which the **Insured** is obligated to pay damages by reason of the assumption of liability in a contract or agreement.   This exclusion does not apply to liability for damages:

(1)   that the insured would have in the absence of the contract or agreement; or

(2)   assumed in a contract or agreement that is an **Insured Contract**, provided the **Bodily Injury** or **Property Damage** occurs subsequent to the execution of the contract or agreement.

\*       \*       \*

D.   **Damage To Impaired Property Or Property Not Physically Injured**

This insurance does not apply to **Property Damage** to **Impaired Property** or property that has not been physically injured, arising out of:

(1)   a defect, deficiency, inadequacy or dangerous condition in **Your Product** or **Your Work**; or

(2)   a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to **Your Product** or **Your Work** after it has been put to its intended use.

\*       \*       \*

COMPLAINT FOR DECLARATORY JUDGMENT

**E.**   **Damage to Property**

This insurance does not apply to **Property Damage** to:

\*   \*   \*

6.   That particular part of any property that must be restored, repaired or replaced because **Your Work** was incorrectly performed on it.

\*   \*   \*

Paragraph (6) of this exclusion does not apply to **Property Damage** included in the **Products-Completed Operations Hazard**.

\*   \*   \*

**F.**   **Damage to Your Product**

This insurance does not apply to **Property Damage** to **Your Product** arising out of it or any part of it.

\*   \*   \*

**G.**   **Damage to Your Work**

This insurance does not apply to **Property Damage** to **Your Work** arising out of it or any part of it and included in the **Product-Completed Operations Hazard**.

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\*   \*   \*

**R.**   **Recall of Your Product, Your Work or Impaired Property**

This insurance does not apply to damages related to any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

COMPLAINT FOR DECLARATORY JUDGMENT

  1. **Your Product;**

  2. **Your Work;** or

  3. **Impaired Property;**

if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

*  *  *

## IV. CONDITIONS

 **G.** **Duties In The Event Of An Occurrence, Offense, Claim Or Suit**

*  *  *

  3. You and any other involved **Insured** must:

*  *  *

   c. cooperate with us in the investigation or settlement of the claim or defense against the **Suit;** and

   d. assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the **Insured** because of injury or damage to which this insurance may also apply.

*  *  *

  4. No insured will, except at the **Insured's** own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

*  *  *

 **L.** **Other Insurance**

If other valid and collectible insurance applies to damages that are also covered by this policy, this

Appendix B<br/>Page 4

policy will apply excess of the **Other Insurance**. However, this provision will not apply if the **Other Insurance** is specifically written to be excess of this policy.

\*          \*          \*

## VII.   DEFINITIONS

\*          \*          \*

**L.**   **Impaired Property** means tangible property, other than **Your Product** or **Your Work**, that cannot be used or is less useful because:

1.   it incorporates **Your Product** or **Your Work** that is known or thought to be defective, deficient, inadequate or dangerous; or

2.   you have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by:

1.   the repair, replacement, adjustment or removal of **Your Product** or **Your Work**; or

2.   your fulfilling the terms of the contract or agreement.

\*          \*          \*

**N.**   **Insured Contract** means that part of any contract or agreement pertaining to your business under which any **Insured** assumes the tort liability of another party to pay for **Bodily Injury** or **Property Damage** to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\*          \*          \*

**P.**   **Loss** means those sums actually paid as judgments or settlements, provided, however, that if expenses incurred to defend a **Suit** or to investigate a claim reduce the applicable limits of **Scheduled Underlying Insurance**, then **Loss** shall include such expenses.

Appendix B
Page 5

COMPLAINT FOR DECLARATORY JUDGMENT

\*          \*          \*

**S.**     **Occurrence** means:

1.     as respects **Bodily Injury** or **Property Damage,** an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one **Occurrence.**

2.     as respects **Personal Injury and Advertising Injury,** an offense arising out of your business that causes **Personal Injury and Advertising Injury.** All damages that arise from the same, related or repeated injurious material or act will be deemed to arise out of one **Occurrence,** regardless of the frequency or repetition thereof, the number and kind of media used and the number of claimants.

**T.**     **Other Insurance** means a valid and collectible policy of insurance providing coverage for damages covered in whole or in part by this policy.

However, **Other Insurance** does not include **Scheduled Underlying Insurance,** the **Self-Insured Retention** or any policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

\*          \*          \*

**X.**     **Products-Completed Operations Hazard** means all **Bodily Injury** and **Property Damage** occurring away from premises you own or rent and arising out of **Your Product** or **Your Work** except:

1.     products that are still in your physical possession; or

2.     work that has not yet been completed or abandoned. However, **Your Work** will be deemed completed at the earliest of the following times:

a.     when all of the work called for in your contract has been completed;

b.     when all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or

Appendix B
Page 6

COMPLAINT FOR DECLARATORY JUDGMENT

        c.     when that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

*   *   *

**Y.**    **Property Damage** means:

1.    physical injury to tangible property, including all resulting loss of use of that property. All such loss of use will be deemed to occur at the time of the physical injury that caused it; or

2.    loss of use of tangible property that is not physically injured. All such loss of use will be deemed to occur at the time of the **Occurrence** that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

*   *   *

**Z.**    **Retained Limit** means:

1.    the total applicable limits of **Scheduled Underlying Insurance** and any applicable **Other Insurance** providing coverage to the **Insured**; or

2.    the **Self-Insured Retention** applicable to each **Occurrence** that results in damages not covered by **Scheduled Underlying Insurance** nor any applicable **Other Insurance** providing coverage to the **Insured**.

Appendix B
Page 7

\*      \*      \*

**AA.   Scheduled Underlying Insurance** means:

1.   the policy or policies of insurance and limits of insurance shown in the **Schedule of Underlying Insurance** forming a part of this policy; and

2.   automatically any renewal or replacement of any policy in Paragraph 1 above, provided that such renewal or replacement provides equivalent coverage to and affords limits of insurance equal to or greater than the policy being renewed or replaced.

**Scheduled Underlying Insurance** does not include a policy of insurance specifically purchased to be excess of this policy affording coverage that this policy also affords.

**BB.   Self-Insured Retention** means the amount that is shown in Item 5 of the Declarations.

\*      \*      \*

**DD.   Your Product** means:

1.   any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

   a.   you;

   b.   others trading under your name; or

   c.   a person or organization whose business or assets you have acquired; and

2.   containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**Your Product** includes:

1.   warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Product**; and

2.   materials, parts or equipment furnished in connection with such work or operations.

Appendix B
Page 8

COMPLAINT FOR DECLARATORY JUDGMENT

EE.    **Your Work** means:

    1.    work or operations performed by your or on your behalf; and

    2.    materials or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Work**; and

**Your Work** includes:

    1.    warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of **Your Work**; and

    2.    the providing of or failure to provide warnings or instructions.

\*    \*    \*

Appendix B
Page 9

COMPLAINT FOR DECLARATORY JUDGMENT

# FEDERAL COURT PROOF OF SERVICE
*National Union Fire Insurance Co. v. Nvidia Corporation* - File No. 6234-7228

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 11, 2009, I served the following document(s): **PUBLIC REDACTED VERSION OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S COMPLAINT FOR DECLARATORY JUDGMENT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Amanda D. Hairston
Karen P. Kimmey
Mary Elizabeth McCutcheon
FARELLA BRAUN & MARTEL LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
Telephone:  415-954-4400
Facsimile:  415-954-4480

The documents were served by the following means:

[ ]   (BY OVERNIGHT DELIVERY)  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ]   (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]   (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 11, 2009, at Los Angeles, California.

Annette E. Jacques

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4834-5099-6483.1