REBECCA R. WEINREICH, SB# 155684
 E-Mail: weinreich@lbbslaw.com
STEPHEN V. KOVARIK, SB# 184656
 E-Mail: kovarik@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, CA 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

RICHARD H. NICOLAIDES, JR. (*Pro hac vice*)
 E-Mail: rnicolaides@BatesCarey.com
JENNIFER R. BERGSTROM (*Pro hac vice*)
 E-Mail: jbergstrom@BatesCarey.com
**BATES & CAREY LLP**
191 N. Wacker Drive, Suite 2400
Chicago, Illinois 60606
Telephone: (312) 762-3100
Facsimile: (312) 762-3200

Attorneys for Plaintiff and Counter-Defendant
National Union Fire Insurance Company of Pittsburgh, Pa.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Plaintiff, <br><br> v. <br><br> NVIDIA CORPORATION, <br><br> Defendant. | Case No. 4:09-CV-02046 CW <br> Honorable Claudia Wilken <br><br> **NOTICE OF MOTION AND MOTION OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. TO DISMISS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| NVIDIA CORPORATION, <br><br> Counter-claimant, <br><br> v. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Counter-defendant. | Date: November 5, 2009 <br> Time: 2:00 p.m. <br> Courtroom 2, Honorable Claudia Wilken |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 5, 2009 at 2:00 p.m., or as soon thereafter as the matter may be heard, Plaintiff and Counter-Defendant National Union Fire Insurance Company of Pittsburgh, Pa. will and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the Second Cause of Action, Breach of Fiduciary Duty, of NVIDIA Corporation's Counter-claim on the ground that it fails to state a claim upon which relief can be granted.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, and upon such further information as may be adduced upon the hearing of the Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") submits this Memorandum in support of its Motion to Dismiss the Second Cause of Action, Breach of Fiduciary Duty, of NVIDIA Corporation's ("NVIDIA") Counter-claim on the ground that California law does not recognize such a cause of action by an insured against its insurer.

**I. SUMMARY OF ARGUMENT**

This is an insurance coverage action brought by National Union against NVIDIA to resolve the parties' respective rights and obligations under two insurance policies issued by National Union to NVIDIA[1] relative to numerous underlying claims asserted against NVIDIA, arising out of the alleged failure of graphics processing units ("GPUs") designed and sold by NVIDIA (the "Chip Claims"). NVIDIA, in turn, filed a Counter-claim against National Union asserting causes of action for (1) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (2) Breach of Fiduciary Duty.

The Second Cause of Action, Breach of Fiduciary Duty, fails to state a claim upon which relief can be granted, because, under well-established California law, an insurance carrier is a not a

---

[1] National Union issued to NVIDIA Commercial General Liability Policy No. 721-8839 and Commercial Umbrella Liability Policy No. 9835530, effective January 31, 2008 to January 31, 2009 (collectively, the "National Union Policies").

fiduciary of its insured. Unlike a true fiduciary relationship, where the fiduciary must always act in the best interests of its trust, an insurer has no duty to totally disregard its own interests when they conflict with those of the insured. Rather, the insurer may give its own interests equal consideration. Thus, California courts have consistently refused to recognize a cause of action by an insured against its insurer for breach of fiduciary duty.

For this reason, National Union respectfully requests that the Court grant National Union's Motion to Dismiss and dismiss with prejudice the Second Cause of Action for Breach of Fiduciary Duty of NVIDIA's Counter-claim.

## II. BACKGROUND

In its Counter-claim, NVIDIA seeks multiple forms of relief, including but not limited to: (1) An Order that National Union take nothing by its Complaint; (2) Dismissal with prejudice of National Union's Complaint for Declaratory Relief; (3) General, consequential, compensatory and punitive damages in connection with NVIDIA's First and Second Causes of Action of its Counter-claim; and (4) An award of costs incurred by NVIDIA in defending against the instant action.

NVIDIA asserts two causes of action in its Counter-claim. The First Cause of Action is for Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing, and the Second Cause of Action is for Breach of Fiduciary Duty. The Second Cause of Action – Breach of Fiduciary Duty – is the subject of this Motion to Dismiss.

In its Second Cause of Action, NVIDIA alleges that National Union owes fiduciary duties – those of protection and loyalty – to NVIDIA, and that because of these fiduciary duties, National Union had an obligation not to do anything that could harm NVIDIA. (CC ¶ 43-46.)[2] NVIDIA further alleges that National Union breached these fiduciary duties by negligently disclosing in its Complaint and all exhibits thereto, as well as a Motion for Expedited Discovery, and all exhibits thereto, confidential information. (CC ¶ 45.)

Via letter dated May 28, 2009, NVIDIA for the first time informed National Union that it believed confidential information was disclosed. (CC ¶ 31.) As an accommodation to its insured,

---

[2] References are to the allegations contained in NVIDIA's Counter-claim. (Docket No. 67.)

1 and without admitting any wrongdoing, National Union filed with this Court a motion pursuant to
2 Civil Local Rules 7-11 and 79-5 to remove from the docket the aforementioned documents and to
3 file such documents under seal. (CC ¶¶ 31, 32.) Shortly thereafter, the Court granted National
4 Union's motion to remove the aforementioned documents from the docket and filed same under
5 seal. (CC ¶ 33.)

## III. ARGUMENT

### A. The Legal Standard Applied to a Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) should be granted where the facts alleged in the complaint would not entitle the plaintiff to the relief sought. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). For purposes of ruling on a motion to dismiss, all facts alleged in the complaint are assumed to be true. *Id.* The Court, however, is not required to accept "conclusory allegations of law," "unwarranted inferences" or "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Rather, the claim must be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

It should be emphasized that, under California law, it is well established that the determination of whether a fiduciary duty exists is generally a question of law. *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1599 (2008); *David Welch Co. v. Erskine & Tulley*, 203 Cal. App. 3d 884, 890 (1988).

### B. On its Face, NVIDIA's Second Cause of Action Fails to State a Claim Upon Which Relief May Be Granted

NVIDIA's Second Cause of Action, Breach of Fiduciary Duty, fails as a matter of law because "California [law] does not recognize an action for breach of fiduciary duty between an insured and insurer." *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1138 (9th Cir. 1998) (quoting *Almon v. State Farm Fire & Cas. Co.*, 724 F. Supp. 765 (S.D. Cal. 1989)). *See also Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1147-49 (1990) (California law is clear that

an insurance carrier is not a "fiduciary" of its insured); *Vu v. Prudential Property & Cas. Ins. Co.*, 26 Cal. 4th, 1150-51 (2001).

In *Vu v. Prudential Property & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1150-51 (2001), the California Supreme Court held that "[t]he insurer-insured relationship . . . is not a true 'fiduciary relationship' in the same sense as the relationship between trustee and beneficiary, or attorney and client." This is because insurance is simply a contract between two consenting parties. *See Bank of the West v. Superior Ct.*, 2 Cal. 4th 1254, 1265 (1992). *See also Henry v. Associated Indem. Corp.*, 217 Cal. App. 3d 1405, 1419 (1990) (relationship between insurer and insured is nothing other than an "ordinary arm's-length business relationship"). In an ordinary contract case, one party is not a fiduciary for the other. Rather, "an insurer (like any other party to a contract) owes a general duty of good faith and fair dealing." *Love*, 221 Cal. App. 3d at 1147.

Because of the "special relationship" inherent in the unique nature of an insurance contract, the insurer's obligations are heightened and "a breach of the obligation of good faith may give rise to tort (rather than mere contractual) remedies." *Love*, 221 Cal. App. 3d at 1147. The courts have characterized such obligations as "akin to fiduciary-type responsibilities." *Id.* (citations omitted). However, the California Supreme Court made clear in *Vu* that "[w]hile these 'special' duties are akin to, and often resemble, duties which are also owed by fiduciaries, the fiduciary-like duties arise because of the unique nature of the insurance contract, *not* because an insurer *is* a fiduciary." *Vu*, 26 Cal. 4th at 1151 (emphasis in original) (quoting *Love*, 221 Cal. App. 3d at 1148). Rather, "an insurer's breach of its 'fiduciary-like duties' is adequately redressed by a claim for breach of the covenant of good faith and fair dealing implied in the insurance contract." *Tran v. Farmers Group, Inc.*, 104 Cal. App. 4th 1202, 1212 (2002).[3]

---

[3] *See also Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Assoc., Inc.*, 115 Cal. App. 4th 1145, 1158 (2004) ("our Supreme Court has held that an insurer is not a fiduciary"); *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.*, 7 Cal. App. 4th 1088, 1095-96 (1992) ("California courts have never squarely held that the relationship between the insurer and the insured is fiduciary"); *Henry*, 217 Cal. App. 3d at 1419 (insured failed to allege facts showing insurers held themselves out as fiduciaries).

1    The fact that unique obligations are imposed upon true fiduciaries, which are not found in
2  the insurance relationship, confirms that there is no "fiduciary" relationship between the insurer
3  and its insured. For example, a true fiduciary must first consider and always act in the best
4  interests of its trust and not allow self-interest to overpower its duty to act in the trust's best
5  interests. *Love*, 221 Cal. App. 3d at 1148 (citing *Toedter v. Bradshaw*, 164 Cal. App. 2d 200, 208
6  (1958)). An insurer, however, may give its own interests consideration equal to the interests of its
7  insured. *Id.* at 1148-49 (citing *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal. 3d 809, 818-19 (1979)).

8    In light of these and other differences between an insurer and a "fiduciary," California
9  courts have "decline[d] to import uncritically the entire cargo of fiduciary obligations into the port
10 of insurance law." *Love*, 221 Cal. App. 3d at 1149.[4] Because insurers are not true fiduciaries of
11 their insureds, trial courts routinely dismiss claims for breach of fiduciary duty brought against
12 insurers by insureds, such as NVIDIA. *See Henry*, 217 Cal. App. 3d at 1419; *Almon*, 724 F. Supp.
13 at 766. *See also Brady v. Conseco, Inc.*, 2009 U.S. Dist. LEXIS 65516 *15-16 (N.D. Cal. July 29,
14 2009); *ASKD NV v. Hartford Fin. Servs. Group, Inc.*, 2005 U.S. Dist. LEXIS 45557, *7-8 (C.D.
15 Cal. Mar. 7, 2005); *Birdsong v. State Farm Ins. Co.*, 1997 U.S. Dist. LEXIS 18506, *5 (N.D. Cal.
16 July 15, 1997).

17   Accordingly, the Court should dismiss NVIDIA's Second Cause of Action, Breach of
18 Fiduciary Duty. NVIDIA's Second Cause of Action is based entirely on the existence of a
19 fiduciary relationship between NVIDIA and National Union. As explained above, California law
20 does not recognize a fiduciary relationship between an insured and its insurer. Moreover, outside
21 of the contractual relationship between National Union and NVIDIA, as defined by the National
22 Union Policies, no other relationship exists between NVIDIA and National Union. On its face,
23 therefore, NVIDIA's Second Cause of Action, Breach of Fiduciary Duty, fails to state a claim

---

[4] *See also Henry*, 217 Cal. App. 3d at 1419 ("insurer has no duty totally to disregard its own interests when they conflict with the insured's interests"); *Love*, 221 Cal. App. 3d at 1148-49 ("[insurer] is not required to disregard the interests of its shareholders and policyholders when evaluating claims . . . and is not required to pay non-covered claims, even though payment would be in the best interests of its insured") (citations omitted).

upon which relief may be granted. Accordingly, the Court should dismiss with prejudice NVIDIA's Second Cause of Action, Breach of Fiduciary Duty.

## IV. CONCLUSION

The foregoing authorities establish that, as a matter of law, NVIDIA cannot assert a cause of action against National Union for breach of fiduciary duty. Accordingly, NVIDIA's Second Cause of Action to the Counter-claim fails to state a claim upon which relief can be granted and, therefore, should be dismissed with prejudice.

DATED: September 24, 2009        LEWIS BRISBOIS BISGAARD & SMITH LLP


By   /s/ Stephen V. Kovarik
    Rebecca R. Weinreich
    Stephen V. Kovarik
Attorneys for Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa.

# FEDERAL COURT PROOF OF SERVICE
*National Union Fire Insurance Co. v. Nvidia Corporation* - File No. 6234-7228

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On October 6, 2009, I served the following document(s): **NOTICE OF MOTION AND MOTION OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. TO DISMISS PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Amanda D. Hairston
Karen P. Kimmey
Mary Elizabeth McCutcheon
FARELLA BRAUN & MARTEL LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
Telephone: 415-954-4400
Facsimile: 415-954-4480

The documents were served by the following means:

[ ] (BY OVERNIGHT DELIVERY) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X] (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 6, 2009, at Los Angeles, California.

*/s/ Annette E. Jacques*
Annette E. Jacques



4834-5099-6483.1