Mary E. McCutcheon (State Bar No. 099939)
mmccutcheon@fbm.com
Karen P. Kimmey (State Bar No. 173284)
kkimmey@fbm.com
Amanda D. Hairston (State Bar No. 251096)
ahairston@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Defendant and Counter-claimant
NVIDIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NVIDIA CORPORATION,<br><br>　　　　　　Defendant. | Case No. C 09-2046 CW<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS |
| NVIDIA CORPORATION,<br><br>　　　　　　Counter-claimant,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>　　　　　　Counter-defendant. | |

　　　　The parties to the above-captioned action (the "Action") recognize that the case may involve or is likely to involve information of parties and non-parties from whom discovery may be sought – that, under applicable law, is considered confidential.  In order to protect the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS
Case No. C 09-2046 CW

24663\2140210.1

confidential information obtained by the parties in connection with this Action and to ensure that documents produced in the Action are not used or disclosed except in connection with the Action, the parties, through their counsel of record, hereby stipulate and agree as follows:

A. Any party or non-party may designate as "Confidential," as set forth herein, any document or information that that party or witness considers in good faith to contain non-public, confidential, trade secret, proprietary, or private financial information subject to protection under applicable law (hereinafter referred to as "Confidential Information").

B. Confidential Information may not be used for any purpose other than the prosecution or defense of the Action.

C. A party or non-party may designate a document produced by it, which party or witness considers in good faith to contain Confidential Information, by marking the document "Confidential."

D. A party or non-party may designate information disclosed by it during a deposition or in response to written discovery that that party or witness considers in good faith to contain Confidential Information by so indicating in said responses or on the record at the deposition. Additionally, a party may designate in writing, within 30 days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript (or portions of the videotape) and/or specific responses be treated as Confidential Information. All costs associated with the preparation of separate confidential and non-confidential transcripts and videotapes or of executing procedures for denominating Confidential Information in transcripts as referenced in this Section shall be borne by the designating party who shall also arrange for separate payment for such services through the service provider(s).

E. Any Confidential Information that is inadvertently produced without written notice or identification as to its confidential nature may be so designated in writing by the producing party after the realization that the Confidential Information has been produced without such designation. However, until the discovery materials are designated Confidential as set forth above, the parties shall be entitled to treat the material as non-confidential. Upon designation, such Confidential Information shall then be treated as Confidential in accordance with the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS        - 2 -
Case No. C 09-2046 CW

24663\2140210.1

provisions of this Order.

F. Any non-designating party may object to any confidentiality designations or any proposed confidentiality designations in writing or on the record. Upon such an objection, the parties shall follow the procedures described in paragraph J below. After any confidentiality designation is made according to the procedures set forth in paragraphs C, D or E, the designated documents or information shall be treated as confidential until the objection is resolved according to the procedures described in paragraph J below.

G. Except with the prior written consent of the party or non-party designating documents or other information confidential, or upon prior order of this Court obtained upon notice to such other counsel, Confidential Information shall not be disclosed to any person other than:

1. Counsel of record for the respective parties to the Action, including in-house counsel, co-counsel or insurance counsel;

2. Employees of such counsel assisting in the prosecution or defense of the Action for use in accordance with this stipulation and order;

3. The parties to the Action (including their employees and affiliates, as well as their auditors and/or reinsurers, as reasonably necessary);

4. Consultants or experts retained for the prosecution or defense of the Action, provided that each such consultant or expert shall have executed a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information) before being shown or given any Confidential Information;

5. Any authors of the Confidential Information and any individuals shown to have been an original recipient of the Confidential Information;

6. The Court, court personnel, and court reporters in the Action;

7. Any mediator or arbitrator retained by the parties to the Action;

8. Mock jurors and related service providers, provided that each juror and related service provider shall have executed a copy of the Certification

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS
Case No. C 09-2046 CW

- 3 -

24663\2140210.1

annexed to this Order before being shown or given any Confidential Information;

9. Persons engaged by any counsel or party to the Action to photocopy, image, or maintain the Confidential Information;

10. Witnesses (other than persons described in paragraph G(5)). A witness shall be requested to sign the Certification before being shown Confidential Information. Any witness who will not sign the Certification as requested may nevertheless be shown Confidential Information only in a deposition (or at trial as provided for in paragraph N). At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to paragraph D above. Witnesses who will not sign the Certification as requested but who are shown Confidential Information at a deposition shall not be allowed to retain copies of the Confidential Information;

11. Under no circumstances shall any Confidential Information or information derived from Confidential Information, be communicated, directly or indirectly, to any member or form of the press or media, or any other person or entity, without the prior consent of the party or non-party that designated the Confidential Information.

H. For applications and motions to the Court on which a party submits Confidential Information, all documents and chamber copies containing Confidential Information that are submitted to the Court shall be filed in the manner provided by the applicable Northern District of California Civil Local Rules, which are currently 3-17 and 79-5.

I. Information produced by non-parties may be designated as "Confidential" pursuant to paragraphs C, D, or E of this Order. Nothing herein shall restrict a party or non-party from using or disclosing its own Confidential Information in any manner it deems appropriate.

//

//

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS - 4 -
Case No. C 09-2046 CW

24663\2140210.1

J.  If a party contends that any material designated as "Confidential" is not entitled to confidential treatment, that party may at any time give written notice challenging the designation to the party that designated the material (the "designating party") as "Confidential." The designating party shall respond in writing to the notice challenging the designation within 5 calendar days, or within such other period of time as may be agreed upon by the parties. If the designating party refuses to remove the "Confidential" designation, its response shall state the reasons for this refusal. If the parties are unable to resolve their dispute over the designation of the material, any party may move the Court for an order removing the designation or affirming that the designation was properly made. In the event that any such motion is made, the party that designated the material as "Confidential" shall have the burden of establishing that the material is entitled to confidential treatment.

K.  Notwithstanding any challenge to the designation of material as Confidential Information, all material shall be treated as confidential and shall be subject to the provisions hereof unless and until one of the following occurs:

   1.  The party or non-party who designated the material as Confidential Information withdraws such designation in writing; or

   2.  The Court rules the material is not Confidential Information.

L.  In the event any Confidential Information is subpoenaed or requested during the pendency of the Action by any court, regulatory, administrative, law enforcement or legislative body or any person or litigant purporting to have authority to subpoena or request such information, including requests based on any state or federal Freedom of Information Act, notice will be given to the designating party or non-party upon receipt. In addition, no Confidential Information shall be so disclosed earlier than the designated date in the subpoena, so as to enable the party or non-party to have a reasonable opportunity to seek appropriate relief.

M.  All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed to by the producing party in writing or ordered by this Court. Upon conclusion of the Actions, a party in the possession of documents designated Confidential, other than that which is

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS          - 5 -
Case No. C 09-2046 CW                                      24663\2140210.1

contained in attorney work product, discovery responses, deposition transcripts and documents filed with the Court, shall upon written request after termination of the actions either (a) return such documents no later than 90 days after the request, to counsel for the party or non-party who provided such documents, or (b) destroy such documents within 90 days upon written consent of the party or non-party who provided the documents, and certify in writing within 90 days that the documents have been destroyed.

N.   The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of Confidential Information at trial and will continue to apply to Confidential Information unless or until such information is placed in the public record. Nothing herein shall preclude a party from requesting that information used at trial be admitted under seal in accordance with procedures established by the Court at a pretrial conference and applicable law. Moreover, NVIDIA reserves its right to move for additional protection of information, whether designated confidential or not, in light of the discovery stay provisions of the Private Securities Litigation Reform Act ("PSLRA"), and Plaintiffs reserve the right to oppose such requests.

O.   Nothing herein shall be deemed to waive any applicable privilege or protection, or to affect the ability of a party or non-party to seek relief under Federal Rule of Evidence 502 and other applicable law. Except as may be expressly agreed to the contrary, the parties do not intend to disclose material that is subject to any applicable privilege or protection.

P.   This Order may be modified only by the written consent of all parties to the Order, or, with respect to the Confidential Information of a specific party or non-party, by the written consent of that party or non-party that designated the Confidential Information, or by order of the Court for good cause shown. Nothing contained herein shall be construed or applied to alter or limit the rights of any party under any applicable insurance policies. This Order shall not prevent any party from later seeking to modify its terms or from seeking any such further provisions or relief as may be deemed appropriate or desirable.

//

//

//

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS          - 6 -
Case No: C 09-2046 CW

24663\2140210.1

Q. The parties will remain bound by the confidentiality obligations imposed by this Order, and the Court shall retain jurisdiction to enforce this Order, after termination of the Action and until a designating party agrees otherwise in writing or until a court order otherwise directs.

SO STIPULATED.

DATED: January 21, 2010         Respectfully submitted,

NATIONAL UNION INSURANCE COMPANY OF PITTSBURGH, PA

By: /s/

| Richard H. Nicolaides, Jr.<br>Robert S. Marshall<br>Jennifer R. Bergstrom<br>BATES & CAREY LLP<br>191 North Wacker Drive, Suite 2400<br>Chicago, Illinois 60606<br>Phone (312) 762-3100<br>Fax (312) 762-3200 | Rebecca R. Weinreich, Esq.<br>Stephen V. Kovarik, Esq.<br>Lewis Brisbois Bisgaard & Smith LLP<br>221 North Figueroa Street<br>Los Angeles, CA 90012<br>(213) 250-1800 Telephone<br>(213) 481-0621 Facsimile |

DATED: January 21, 2010         NVIDIA CORPORATION

By: /s/ Amanda Hairston

Mary E. McCutcheon (State Bar No. 099939)
Karen P. Kimmey (State Bar No. 173284)
Amanda D. Hairston (State Bar No. 251096)
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

[PROPOSED] ORDER

IT IS SO ORDERED.

DATED: January 21, 2010 , 2010

/s/ Bernard Zimmerman
Hon. Bernard Zimmerman
United States Magistrate Judge

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS
Case No. C 09-2046 CW

- 7 -

24663\2140210.1

# CERTIFICATION

I, _____, certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Regarding Confidential Information dated _____, 2009, in *National Union Fire Insurance Company of Pittsburgh, PA v. NVIDIA Corporation*, Case No. C 09-2046 CW. I have been given a copy of and have read that Order and agree to be bound by it. I understand that all such Confidential Information and copies thereof, including, but not limited to, any notes or other transcripts made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to (1) the counsel for any party or other person who provided such Confidential Information, or (2) the counsel who I have retained, or has retained me.

DATED:_____      _____

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL DOCUMENTS          - 8 -
Case No. C 09-2046 CW

24663\2140210.1